Filed 2/16/22  P. v. Carson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DERRICK CARSON,<br><br>Defendant and Appellant. | F082122<br><br>(Super. Ct. No. C9325)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christina H. Simpson and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Smith, J.

## INTRODUCTION

In 1989, a jury convicted petitioner Derrick Carson of first degree murder (Pen. Code,[1] § 187, subd. (a)), with the special circumstances the murder was committed during the commission or attempted commission of a robbery and burglary (§ 190.2, former subd. (a)(17)(i), (a)(17)(vii)). (*People v. Carson* (July 26, 1991, F013403) [nonpub. opn.] (*Carson*).) Petitioner was sentenced to a term of life without the possibility of parole.

In 2020, petitioner filed a petition for resentencing on his murder conviction pursuant to section 1170.95. The court summarily denied the petition at the prima facie stage on the ground the special circumstance findings established he was ineligible for resentencing as a matter of law.

On appeal, petitioner contends the trial court erred in failing to appoint counsel to represent petitioner and engaged in improper factfinding at the prima facie stage. Petitioner further contends these errors were not harmless because the jury instructions do not establish petitioner is ineligible for resentencing as a matter of law. Specifically, he contends the instructions permitted the jury to convict him of first degree murder under a felony murder theory or the natural and probable consequences doctrine.

We agree the court erred in failing to appoint counsel to represent petitioner, but conclude the error was harmless because the special circumstance findings establish petitioner is ineligible for resentencing as a matter of law. Accordingly, we affirm the trial court's order denying resentencing relief pursuant to section 1170.95.

---

[1] Subsequent statutory references are to the Penal Code, unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

We summarize the facts as stated in our nonpublished opinion in petitioner's direct appeal.[2]

On October 1, 1988, Kevin P.[3] was found dead in his apartment, face down on the floor next to an easy chair. Two television sets, two telephones, a videorecorder, and a stereo unit were missing from the apartment. It was later determined Kevin's death was the result of a skull fracture caused by three blows to the back of the head by a shovel that was found leaning against the easy chair. No fingerprints were found on the shovel, but the thumbprint of petitioner's counterpart Willie Wills was found on a trophy in the living room. (*Carson*, *supra*, F013403.)

Subsequently, officers received information petitioner was in Kevin's apartment a week prior to the murder. Based on this information, officers contacted petitioner and proceeded to interview him on seven separate occasions. Petitioner provided officers with seven different stories as to what occurred at the time of the incident. Petitioner acknowledged visiting Kevin's apartment with Wills on a Friday, approximately one week before the body was discovered. In one of his statements, petitioner told officers he only wanted to " 'rip off the place,' " and did not intend for Kevin to be killed. In some of the interviews, petitioner told officers Wills hit Kevin on the head with the shovel. In another, petitioner "mentioned that he told someone named 'Raymond' about the incident in the following manner: ' "I robbed his house – and hit the guy with the shovel and knocked him out." ' " However, in his final interview, petitioner told officers he was confused when he made this statement and meant to say that Wills hit Kevin. He also

---

[2] We provide these facts for background purposes only because they were cited by petitioner in his opening brief. However, we do not rely on these facts in resolving the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

[3] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

told officers he knew more about the murder, but was afraid he would be killed if he talked. Petitioner did tell officers the murder occurred on a Sunday morning. (*Carson*, *supra*, F013403.)

During the trial, the prosecution introduced testimony of two prison inmates who were in cells next to petitioner after his arrest. One inmate testified petitioner told him the victim was hit on the head three times with a shovel, but that petitioner did not specify who hit the victim. The other inmate testified petitioner told him " 'they' " went to a house to rob it and ended up hitting someone and killing him. Petitioner also told both inmates he was not worried about his fingerprints being found on the shovel because he used gloves. Another inmate testified that petitioner was reluctant to talk and never mentioned his case. (*Carson*, *supra*, F013403.)

Petitioner testified and acknowledged going to Kevin's house with Wills. He testified he did not see the fatal blow, but saw Kevin fall out of the easy chair and saw Wills standing behind him with the shovel. He testified that he lied in his previous statements because he was scared and was trying to protect people. (*Carson*, *supra*, F013403.)

On March 30, 1989, the Kings County District Attorney filed an information charging petitioner with first degree murder (§ 187, subd. (a)), with the special circumstances the murder was committed during the commission of a robbery (§ 190.2, former subd. (a)(17)(i)) and burglary (§ 190.2, former subd. (a)(17)(vii)). (*Carson*, *supra*, F013403.)

On December 8, 1989, a jury convicted petitioner of first degree murder and found both special circumstance allegations true. On January 9, 1990, the trial court sentenced petitioner to life without the possibility of parole. On appeal, this court affirmed. (*Carson*, *supra*, F013403.)

On September 30, 2020, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated a

4.

complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He requested the court appoint counsel for him during the resentencing process. Petitioner further declared he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony; and the victim of the murder was not a peace officer in the performance of his or her duties.

On October 6, 2020, the trial court, without appointing counsel or allowing counsel an opportunity to file responsive briefing, issued an order denying the petition. The trial court noted that this court had stated in its prior opinion that the jury found both special circumstances true and thus specifically found petitioner was either the actual killer or intended to aid another in the killing. The court thus concluded "the special circumstance admission shows as a matter of law that [p]etitioner could still be convicted of felony murder even under the newly amended version of section 189, and prevents [p]etitioner from making a prima facie case that he is eligible for resentencing." A timely appeal followed.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018,

5.

ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[4] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

---

[4] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) The record of conviction includes, but is not limited to, jury instructions and verdict forms. (See generally *id*. at p. 972.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the

petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.     Analysis

Petitioner contends the trial court erred in failing to appoint counsel and engaged in improper factfinding at the prima facie stage. Petitioner further contends these errors were not harmless because the jury instructions do not establish petitioner is ineligible for resentencing as a matter of law. We conclude the trial court erred in disposing of the petition without following the procedures required by section 1170.95, subdivisions (b)(3) and (c), specifically by failing to appoint counsel. However, as we explain, petitioner was not prejudiced by this error because the record of conviction establishes, as a matter of law, he is ineligible for resentencing relief pursuant to section 1170.95.

8.

### A. Standard of Review.

"Because we are tasked with applying the section 1170.95, subdivision (c) standard governing prima facie entitlement to relief [citation], our review is de novo. [Citation.] As with any case involving statutory interpretation, our primary goal is to ascertain and effectuate the lawmakers' intent. [Citation.] [¶] In applying the de novo standard, we accept the pleaded facts as true [citation], but evaluate those facts in light of facts readily ascertainable from the record of conviction . . . . A petition's allegations fail to show entitlement to relief at the section 1170.95, subdivision (c) stage if 'readily ascertainable facts' in the record of conviction 'conclusively refute them as a matter of law.' " (*People v. Secrease* (2021) 63 Cal.App.5th 231, 244, review granted June 30, 2021, S268862.)

### B. The Trial Court Erred in Failing to Appoint Counsel.

In supplemental briefing filed after our Supreme Court's decision in *Lewis*, *supra*, 11 Cal.5th 952, the parties agree the trial court erred in failing to appoint counsel to represent petitioner on the petition. At the time the trial court ruled on the petition, our Supreme Court had not resolved whether section 1170.95 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition. (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-967.) However, our Supreme Court recently clarified that counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1170.95, subdivision (b)(1). (*Lewis*, at pp. 962-963, 967.) Here, the petition did not fail to meet the requirements of section 1170.95, subdivision (b)(1). Accordingly, appointment of counsel and a full opportunity for briefing were required by section 1170.95, subdivisions (b)(3) and (c). (See *Lewis*, at pp. 961-963, 967.) The court erred in disposing of the petition without following these procedures.

## C. The Trial Court Did Not Engage in Improper Factfinding.

As previously noted, at the prima facie stage the trial court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972; see *People v. DeHuff* (2021) 63 Cal.App.5th 428, 439 [" '[T]his authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record [of conviction] (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion . . . .' "], abrogated on another ground in *Lewis*, at p. 962.) "If, accepting the petitioner's asserted facts as true, he or she meets the requirements for relief listed in section 1170.95, subdivision (a), then the trial court must issue an order to show cause," unless facts in the record conclusively refute the petitioner's assertions. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 968, abrogated on other grounds by *Lewis*, at p. 962.)

The relevant portion of the trial court's ruling is as follows:

> "This court finds that Petitioner has failed to state a prima facie case for relief under § 1170.95. After consideration of the petition and information available in the court file, Petitioner could have been convicted of first-degree murder under the law as it reads after the enactment of Senate Bill 1437. (§ 1170.95(a)(3).) Petitioner's appeal from the California Court of Appeal, Fifth Appellate District (Opinion F013403) stated the following:

> > " '[Petitioner] was convicted of murder, and the jury specifically found that the murder was committed during the course of a robbery or attempted robbery, and that [Petitioner] was either the actual killer or intended to aid another in the killing. Such findings infer that the jury disbelieved his testimony that he did not know [his accomplice] was going to kill [the victim] prior to entering the apartment, and formed the intent to steal only after [his accomplice] hit [the victim] on the head.

> > " [']The jury reached a special finding that the murder was committed during the commission or attempted commission of burglary, and that [petitioner] was the murderer or intended to aid

10.

another in the murder.  This special finding was reached after the jury received CALJIC No. 4.21:  'In the crime of murder of which the defendant is accused, a necessary element is the existence in the mind of the defendant of the specific intent to steal prior to entry into the home as to the special circumstance of burglary; the specific intent to steal as to the special circumstance of robbery; the specific intent to kill as to the crime of murder; and the mental state of malice aforethought in the crime of murder in the second degree and of malice aforethought in the crime of murder in the first degree other than felony murder.[']

"To be eligible for resentencing under § 1170.95, Petitioner must make a prima facie showing that he '*could not* be convicted of first or second degree murder because of changes to Section 188 or 189 made' in Senate Bill No. 1437.  (§ 1170.95, subd. (a)(3), italics added.)  Under the newly amended version of § 189, a defendant can be convicted of felony murder only if he:  was the actual killer, acted with intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in first degree murder; or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2[.]'  (§ 189 subd. (e)(3).)  These are identical to the requirements of a felony-murder special circumstance now and in 1990 when Petitioner pleaded guilty.  Thus, the special circumstance admission shows as a matter of law that Petitioner could still be convicted of felony murder even under the newly amended version of section 189, and prevents Petitioner from making a prima facie case that he is eligible for resentencing."

The trial court did not engage in factfinding in reaching these conclusions.  Rather, the court recited the facts necessarily found by the jury in rendering its verdict:  that petitioner was either the murderer, or intended to aid another in the murder.  The court relied on these facts, as conclusively established by the jury's verdict, to deny the petition.  As we explain below, these findings indisputably establish that petitioner is ineligible for resentencing.

### D.    Petitioner was not Prejudiced by the Trial Court's Error.

As stated, the trial court erred in failing to appoint counsel, and we therefore may affirm only if petitioner was not prejudiced by the error.  As we explain, we conclude petitioner cannot demonstrate prejudice because the record establishes he is ineligible for

11.

resentencing as a matter of law.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see also *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill or malice aforethought, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life.  (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.)  The record of conviction, which includes verdict forms and jury instructions, may provide a basis to deny resentencing relief.  (See generally *Lewis*, *supra*, 11 Cal.5th at p. 972.)

Here, the jury found both the robbery and burglary special circumstances true. (§ 190.2, former subd. (a)(17)(i), (a)(17)(vii).)  At the time of petitioner's offenses, section 190.2, subdivision (a)(17) imposed a sentence of death or life without the possibility of parole for a murder committed in the commission or attempted commission of a robbery (§ 190.2, former subd. (a)(17)(i)), or burglary (§ 190.2, former subd. (a)(17)(vii)).  Where the defendant was not the actual killer, these special circumstances applied only where the defendant intentionally aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of first degree murder.  (§ 190.2, former subd. (b).)  As we noted in our prior opinion, the jury was instructed regarding CALJIC No. 4.21:

> " 'In the crime of murder of which the defendant is accused, a necessary element is the existence in the mind of the defendant of the specific intent to steal prior to entry into the home as to the special circumstance of burglary; the specific intent to steal as to the special circumstance of robbery; the *specific intent to kill* as to the crime of murder; and the mental state of malice aforethought in the crime of murder in the second degree and of malice aforethought in the crime of murder in the first degree other than felony murder.' " (*Carson*, *supra*, F013403, italics added, underlining omitted.)

Moreover, the jury was instructed:

"If you find [the] [a] defendant in this case guilty of murder of the first degree, you must then determine if [one or more of] the following special circumstance[s]: [are] true or not true: if he was killed in the commission or attempted commission of burglary and in the commission or attempted commission of robbery . . . .

"The People have the burden of proving the truth of a special circumstance. If you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true.

"[If you find beyond a reasonable doubt that the defendant was [either [the actual killer] or an aider or abettor, but you are unable to decide which], then you must also find beyond a reasonable doubt that the defendant *intended either to kill a human being* or to *aid another in the killing of a human being* in order to find the special circumstance to be true.] [On the other hand, if you find beyond a reasonable doubt that the defendant was the actual killer, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true.]" (Italics added.)

Furthermore, the verdict forms reflect the jury specifically found, as to each special circumstance, that "[petitioner] was the actual killer or that he intended to aid another in the killing of a human being." The true findings on the special circumstances therefore establish the jury made the necessary findings to sustain the murder conviction under section 189, as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.).

Nonetheless, petitioner contends the special circumstance findings and jury instructions read as a whole did not require the jury to find petitioner was the actual killer, nor that he acted with an intent to kill. Petitioner is correct that the jury instructions permitted the jury to render a guilty verdict under a felony murder theory or a natural and probable consequences theory, and specifically under theories which are no longer valid under sections 188 and 189, as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.). However, the record establishes the jury did not find petitioner guilty based on one of these invalid theories. Rather, the special circumstance findings make clear the jury determined petitioner was either the actual killer, or aided and abetted the murder with intent to kill.

13.

Finally, petitioner contends the special circumstance findings do not establish he was the actual killer or that he acted with an intent to kill because the jury was not instructed, and did not find, he was a major participant in the underlying felony who acted with reckless indifference to human life. However, as stated above, there was no such requirement at the time petitioner was convicted. At that time, the penalties set forth in section 190.2 applied to a defendant who was the actual killer, or one who intended to aid, abet, counsel, command, induce, solicit, request, or assist in the murder. (§ 190.2, former subd. (b).)

Section 190.2 since has been amended to apply the penalties to a defendant who was the actual killer, who acted with intent to kill, or "who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of" an enumerated felony set forth in section 190.2, subdivision (a)(17). (§ 190.2, subds. (c), (d).) Additionally, in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 our Supreme Court " 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.' " ' " (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.) "Courts of Appeal are split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law [citation], and our Supreme Court has granted review to decide the issue (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606)." (*People v. Simmons* (2021) 65 Cal.App.5th 739, 747, review granted Sept. 1, 2021, S270048.) Here, petitioner's jury did not find he was a major participant who acted with reckless indifference to human life, and thus the split of authority does not affect his eligibility for resentencing. Regardless, this court has held that a pre-*Banks/Clark* special circumstance finding renders a petitioner ineligible for resentencing pursuant to section 1170.95 as a matter of law. (*Simmons*, at p. 749.)

Because the jury determined petitioner was either the actual killer or aided and abetted in the murder with intent to kill, petitioner is ineligible for resentencing as a matter of law and the court was not required to issue an order to show cause or hold an evidentiary hearing. The petition was properly denied.

## **DISPOSITION**

The order denying petitioner's section 1170.95 petition is affirmed.